**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Western__ District of __Kentucky__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Hartshorne Holdings, LLC

2. **All other names debtor used in the last 8 years**  N/A

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  4 6 – 2 3 8 3 9 4 8

4. **Debtor's address**

   **Principal place of business**

   73    Whobry Road
   Number   Street

   _____

   Rumsey         KY    42371
   City           State  ZIP Code

   McLean County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number   Street

   _____
   P.O. Box

   _____
   City     State  ZIP Code

   **Location of principal assets, if different from principal place of business**

   1500 State Highway
   Number    Street

   138 West

   Rumsey        KY    42371
   City          State  ZIP Code

5. **Debtor's website** (URL) _____

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor   Hartshorne Holdings, LLC
         Name                                                                    Case number (*if known*)_____

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 2  1  2  1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☒ Chapter 11. *Check all that apply*: |
| | | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No |
| | | ☐ Yes.  District _____  When _____  Case number _____ |
| | |                                                 MM / DD / YYYY |
| | |         District _____  When _____  Case number _____ |
| | |                                                 MM / DD / YYYY |
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No |
| | | ☒ Yes.  Debtor  See Rider I _____  Relationship  Affiliate _____ |
| | |         District _____  When _____ |
| | |                                                                 MM / DD / YYYY |
| | |         Case number, if known _____ |

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **2**

Debtor    Hartshorne Holdings, LLC    Case number (*if known*)_____
     Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
     Number     Street

_____

_____ _____ _____
City     State     ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Hartshorne Holdings, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☒ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/20/2020
       MM / DD / YYYY

X /s/ David W. Gay

Signature of authorized representative of debtor

David Gay
Printed name

Title  President

**18. Signature of attorney**

X _____    Date  2/20/2020
Signature of attorney for debtor         MM / DD / YYYY

Edward M. King
Printed name

Frost Brown Todd LLC
Firm name

400 West Market Street, Suite 3200
Number    Street

Louisville                KY      40202
City                    State   ZIP Code

(502) 589-5400            tking@fbtlaw.com
Contact phone             Email address

86928                     KY
Bar number                State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**(Owensboro Division)**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hartshorne Holdings, LLC, | ) | Case No. |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

## RIDER I

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Western District of Kentucky for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of these cases under the case number assigned to the case of Hartshorne Holdings, LLC.

| |
|---|
| Hartshorne Holdings, LLC |
| Hartshorne Mining, LLC |
| Hartshorne Mining Group, LLC |
| Hartshorne Land, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**(Owensboro)**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hartshorne Holdings, LLC, | ) | Case No. 20- |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Member | Approximate Percentage |
|---|---|
| HCM Resources Pty. Ltd. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(Owensboro Division)**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Hartshorne Holdings, LLC, *et al.*, ) | Case No. 20- |
| ) | |
| Debtors.[1] ) | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS
HOLDING THE 30 LARGEST UNSECURED CLAIMS**

As of the date hereof, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is a consolidated list of the Debtors' creditors holding the thirty largest unsecured claims (the "Creditor List") based on the Debtors' unaudited books and records as of February 19, 2020. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases.

The Creditor List does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty largest unsecured claims. The information contained herein does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim at a later date.

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 1 | Fricke Management & Contracting, Inc. Attn: Legal Dept PO Box 1556 Murphysboro, IL 62966 info@frickemanagement.com | Trade | | $695,628.51 |
| 2 | Minova USA, Inc. Attn: Legal Dept 150 Summer Court Georgetown, KY 40324 enquiries@minovaglobal.com | Trade | | $508,239.25 |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Hartshorne Holdings, LLC (3948); Hartshorne Mining Group, LLC (0063); Hartshorne Mining, LLC (1941) and Hartshorne Land, LLC (5582). The Debtors' headquarters are located at 373 Whobry Road, Rumsey, Kentucky 42371.

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 3 | Envision Contractors, LLC<br>Attn: Legal Dept<br>2960 Fairview Drive<br>Owensboro, KY 42303 | Trade | | $506,545.96 |
| 4 | Home Oil & Gas Company, Inc.<br>Attn: Legal Dept<br>300 Atkinson Street<br>Henderson, KY 42420<br>info@homeoilinc.com | Trade | | $184,594.36 |
| 5 | Joy Global Underground Mining LLC<br>Attn: Legal Dept<br>PO Box 504794<br>St. Louis, MO 63150-4794 | Trade | | $177,791.49 |
| 6 | Carroll Engineering Co<br>Attn: Legal Dept<br>PO Box 741245<br>Atlanta, GA 30384-1245 | Trade | | $142,623.88 |
| 7 | United Central<br>Attn: Henry Looney<br>PO Box 743849<br>Atlanta, GA 30374-3849<br>henry.looney@unitedcentral.net | Trade | | $136,448.51 |
| 8 | Mine and Mill Supply Company, LLC<br>Attn: Legal Dept<br>PO Box 189<br>Dawson Springs, KY 42408<br>BCEady@minemill.com | Trade | | $128,848.86 |
| 9 | Kenergy Corporation<br>PO Box 18<br>Henderson, KY 42419 | Trade | | $119,685.41 |
| 10 | Nalco Company LLC<br>Attn: Tom Haffner<br>PO Box 70716<br>Chicago, IL 60673-0716<br>tkhaffner@nalco.com | Trade | | $115,303.11 |
| 11 | Trey K Mining & Electric, Inc.<br>Attn: Legal Dept<br>PO Box 235<br>Kimper, KY 41539 | Trade | | $114,124.46 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 12 | Special Mine Services, Inc.<br>Attn: Legal Dept<br>PO Box 188<br>West Frankfort, IL 62896<br>smsconnectors@aol.com | Trade | | $105,520.98 |
| 13 | Royal Brass & Hose<br>Attn: Van Kinslow, Matt Pahde<br>PO Box 51468<br>Knoxville, TN 37950<br>van.kinslow@royalbrassandhose.com<br>matt.pahde@royalbrassandhose.com | Trade | | $105,146.64 |
| 14 | Custom Staffing Services<br>Attn: Legal Dept<br>1820 N Green River Road<br>Evansville, IN 47715 | Trade | | $95,218.35 |
| 15 | Strata Safety Products LLC<br>Attn: Legal Dept<br>PO Box 930228<br>Atlanta, GA 31193-0228 | Trade | | $91,886.78 |
| 16 | Woodruff Supply Co. Inc.<br>Attn: Legal Dept<br>PO Box 426<br>Madisonville, KY 42431<br>ddugger@woodruffsupply.biz | Trade | | $91,475.34 |
| 17 | Wallace Electrical Systems, LLC<br>Attn: Legal Dept<br>2853 Ken Gray Blvd, Suite 4<br>West Frankfort, IL 62896 | Trade | | $89,932.97 |
| 18 | American River Transportation Co (ARTCO)<br>Attn: Legal Dept<br>PO Box 92572<br>Chicago, IL 60675-2572 | Trade | | $79,023.69 |
| 19 | West River Conveyors & Machinery Co.<br>Attn: Legal Dept<br>8936 Dismal River Road<br>Oakwood, VA 42631 | Trade | | $77,838.44 |

010-8984-2714/2/AMERICAS

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|---|---|---|---|---|
| 20 | H&G Limestone Products LLC<br>Attn: Legal Dept<br>639 IL Route 146 East<br>Elizabethtown, IL 62931 | Trade | | $77,350.00 |
| 21 | Deloitte & Touche LLP<br>Attn: Dan Berner<br>PO Box 844708<br>Dallas, TX 75284-4708<br>dberner@deloitte.com | Trade | | $74,658.00 |
| 22 | Southern Pride Drilling, LLC<br>Attn: Legal Dept<br>PO Box 18266<br>Evansville, IN 47719 | Trade | | $70,234.50 |
| 23 | Cherokee Resources, Inc. dba Star Services<br>PO Box 783<br>Skelton, WV 25919 | Trade | | $58,005.66 |
| 24 | Dapco, Inc.<br>Attn: Legal Dept<br>11500 Nebo Road<br>Nebo, KY 42441<br>dkey@hughes.net | Trade | | $51,513.27 |
| 25 | CE Martin Heirs<br>Attn: Legal Dept<br>PO Box 506<br>Greenville, KY 42345 | Trade | | $50,000.00 |
| 26 | Kentucky Rivers Wood Products, LLC<br>Attn: Legal Dept<br>760 Fergusontown Rd.<br>Dawson Springs, KY 42408 | Trade | | $49,798.40 |
| 27 | Nasdaq Stock Market LLC<br>Attn: Legal Dept<br>PO Box 780700<br>Philadelphia, PA 19178-0700 | Trade | | $43,000.00 |
| 28 | Purvis Industries (The Mine Supply)<br>Attn: Legal Dept<br>10500 Stemmons Freeway<br>Dallas, TX 75220 | Trade | | $42,696.00 |

4

|    | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (*If Secured, also state value of security*) |
|----|---|---|---|---|
| 29 | James C Bickett<br>Bickett Agri Center<br>10391 State Route 175 N.<br>Central City KY 42330 | Royalties | | $42,344.01 |
| 30 | Richwood Industries, Inc.<br>707 7th Street West<br>Huntington WV 25704<br>United States | Trade | | $39,633.14 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Hartshorne Holdings, LLC__

United States Bankruptcy Court for the: __Western__ District of __Kentucky__
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/20/20__
MM / DD / YYYY

X _____(signature)_____
Signature of individual signing on behalf of debtor

David Gay
Printed name

President
Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

## WRITTEN CONSENT OF THE SOLE MEMBER OF

### HARTSHORNE HOLDINGS, LLC

### February 20, 2020

Effective as of the date written above, the undersigned, being the sole member (the "Member") of Hartshorne Holdings, LLC, a Delaware limited liability company (the "Company"), hereby consents to taking of the following actions and hereby adopts the following resolutions by written consent pursuant to the Company's operating company agreement and pursuant to the Limited Liability Company Act of the State of Delaware:

**WHEREAS**, the Company has been investigating strategic alternatives for addressing the liquidity needs of the Company and its affiliates, reorganizing their business, and maximizing the value of the assets of the Company and its affiliates;

**WHEREAS**, upon the advice of counsel and other professional advisors, the Member has determined that it is in the best interests of the Company, the Company's creditors, and other interested parties to commence a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to take certain other actions to maximize the value of their assets;

**NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:**

### Chapter 11 Bankruptcy Cases

**RESOLVED**, that in the judgment of the Member, it is desirable and in the best interests of the Company, and the Company's creditors, equity holders, and other interested parties, that the Company file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky (the "Court");

**RESOLVED**, that the Member and each officer of the Company (each, an "Authorized Party") is hereby authorized and directed to take, in each case with the advice of counsel and the Company's other advisors, (a) any and all actions necessary or appropriate to prepare for and cause such filings to occur, including, without limitation, by causing the preparation, execution, verification, and/or filing of all petitions, schedules, statements, lists, "first day" motions and applications, and other necessary or appropriate pleadings or papers, and (b) any and all other necessary or appropriate actions in furtherance of commencing a bankruptcy case (the "Bankruptcy Case"), obtaining necessary or appropriate relief from the Court, and/or otherwise transitioning into operating under chapter 11 and any other relevant provisions the Bankruptcy Code;

### Retention of Professionals

**RESOLVED**, that, subject to the Court's approval, the law firm of Squire Paton Boggs (US) LLP ("SPB") is hereby retained on the terms set forth in SPB's Engagement Letter, dated January 13, 2020 (as may be amended or modified from time to time) to serve as the Company's primary bankruptcy and restructuring counsel in connection with the Bankruptcy Case and to

advise and assist the Company with respect to all aspects of the Bankruptcy Case, including, without limitation, (a) preparing and filing all necessary or appropriate documents to commence the Bankruptcy Case, (b) obtaining necessary or appropriate relief from the Court, (c) operating under chapter 11 and other relevant provisions of the Bankruptcy Code, and (d) otherwise performing its duties as a debtor and debtor-in-possession;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $150,000 previously paid to SPB on account of the services rendered or to be rendered by it;

**RESOLVED**, that Frost Brown Todd LLC ("FBT") is hereby retained on the terms set forth in its Engagement Letter, dated February 3, 2020, (and as may be amended, restated or modified from time to time) to serve as the Company's local bankruptcy and restructuring counsel;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $85,000 previously paid to FBT on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, FTI Consulting, Inc. ("FTI") is hereby retained on the terms set forth in its Engagement Letter, dated January 15, 2020, (as may be amended or modified from time to time) to serve as the Company's financial advisor in the Bankruptcy Case;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $150,000 previously paid to FTI on account of the services rendered or to be rendered by it;

**RESOLVED**, that Bertrand Troiano of FTI is retained and appointed as chief restructuring officer of the Company;

**RESOLVED**, that, subject to the Court's approval, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") is hereby retained on the terms set forth in its Engagement Letter, dated January 30, 2020, (as may be amended or modified from time to time) to serve as the Company's claims, noticing, solicitation, balloting, and/or tabulation agent for the Company in the Bankruptcy Case;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $25,000 previously paid to Stretto on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, Perella Weinberg Partners LP ("Perella") is hereby retained on the terms set forth in its Engagement Letter, effective as of January 24, 2020 (as may be amended or modified from time to time) to serve as the Company's investment banker in the Bankruptcy Case;

- 3 -

### Use of Cash Collateral and Debtor-In-Possession Financing

**RESOLVED**, that the Company, by and through any Authorized Party, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary or proper for the Company to use cash collateral as a debtor-in-possession under chapter 11 of the Bankruptcy Code;

**RESOLVED**, that the Company, by and through any Authorized Party, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary or proper, including executing any necessary loan documents, for the Company to borrow funds on a senior secured basis, subject to certain existing liens, as a debtor-in-possession and to enter into a post-petition secured loan agreement to be funded by Equity Trustees Limited as Trustee of the Tribeca Global Natural Resources Credit Fund and Tribeca Global Natural Resources Credit Master Fund, as debtor-in-possession lenders, in the maximum original principal amount of $7.5 million at an interest rate of 10% *per annum*;

### Other Bankruptcy Authorizations

**RESOLVED**, that the Company and each Authorized Party is authorized and empowered to (a) take or cause to be taken any and all further action(s), (b) engage other professionals, (c) execute and deliver further documents and instruments, and (d) pay fees and expenses, all as such parties deem necessary or appropriate in order to fully carry out the intent and accomplish the purposes of these resolutions;

**RESOLVED**, that any and all past actions previously taken by the officers and/or directors of the Company in the name or otherwise on behalf of the Company with respect to the commencement of the Bankruptcy Case or otherwise in furtherance of any or all of these resolutions are hereby ratified, confirmed, and approved; and

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction method, and such execution shall be considered valid, binding, and effective for all purposes.

[*Signatures on the following page*]

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

HCM RESOURCES PTY LTD.

By: GREGORY SWAN
Title: DIRECTOR

*Signature Page to Resolution of the Sole Member of Hartshorne Holdings, LLC*

# RESOLUTIONS OF THE BOARD OF MANAGERS

## HARTSHORNE HOLDINGS, LLC

### February 20, 2020

Effective as of the date written above, the undersigned members of the board of managers (the "Board") of Hartshorne Holdings, LLC, a Delaware limited liability company, (the "Company"), hereby consent to taking of the following actions and hereby adopt the following resolutions by unanimous written consent pursuant to the Company's operating agreement and in accordance with the Limited Liability Company Act of the State of Delaware:

**WHEREAS**, the Company has been investigating strategic alternatives for addressing the liquidity needs of the Company and its affiliates, reorganizing their business, and maximizing the value of the assets of the Company and its affiliates; and

**WHEREAS**, upon the advice of counsel and other professional advisors, the Board has determined that it is in the best interests of the Company, the Company's creditors, and other interested parties to commence, and to cause its wholly owned subsidiary, Hartshorne Mining Group, LLC, a Delaware limited liability company ("Hartshorne"), to commence, a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to take certain other actions to maximize the value of their assets.

### NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:

### Chapter 11 Bankruptcy Cases

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, and the Company's creditors, equity holders, and other interested parties, that the Company file, and cause its direct subsidiary, Hartshorne, to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky (the "Court");

**RESOLVED**, that each member of the Board and each officer of the Company (each, an "Authorized Party") is hereby authorized and directed to take, in each case with the advice of counsel and the Company's other advisors, (a) any and all actions necessary or appropriate to prepare for and cause such filings to occur, including, without limitation, by causing the preparation, execution, verification, and/or filing of all petitions, schedules, statements, lists, "first day" motions and applications, and other necessary or appropriate pleadings or papers, and (b) any and all other necessary or appropriate actions in furtherance of commencing a bankruptcy case (the "Bankruptcy Case"), obtaining necessary or appropriate relief from the Court, and/or otherwise transitioning into operating under chapter 11 and any other relevant provisions the Bankruptcy Code;

## Retention of Professionals

**RESOLVED**, that, subject to the Court's approval, the law firm of Squire Paton Boggs (US) LLP ("SPB") is hereby retained on the terms set forth in SPB's Engagement Letter, dated January 13, 2020 (as may be amended or modified from time to time) to serve as the Company's primary bankruptcy and restructuring counsel in connection with the Bankruptcy Case and to advise and assist the Company with respect to all aspects of the Bankruptcy Case, including, without limitation, (a) preparing and filing all necessary or appropriate documents to commence the Bankruptcy Case, (b) obtaining necessary or appropriate relief from the Court, (c) operating under chapter 11 and other relevant provisions of the Bankruptcy Code, and (d) otherwise performing its duties as a debtor and debtor-in-possession;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $150,000 previously paid to SPB on account of the services rendered or to be rendered by it;

**RESOLVED**, that Frost Brown Todd LLC ("FBT") is hereby retained on the terms set forth in its Engagement Letter, dated February 3, 2020, (and as may be amended, restated or modified from time to time) to serve as the Company's local bankruptcy and restructuring counsel;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $85,000 previously paid to FBT on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, FTI Consulting, Inc. ("FTI") is hereby retained on the terms set forth in its Engagement Letter, dated January 15, 2020, (as may be amended or modified from time to time) to serve as the Company's financial advisor in the Bankruptcy Case;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $150,000 previously paid to FTI on account of the services rendered or to be rendered by it;

**RESOLVED**, that Bertrand Troiano of FTI is retained and appointed as chief restructuring officer of the Company;

**RESOLVED**, that, subject to the Court's approval, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") is hereby retained on the terms set forth in its Engagement Letter, dated January 30, 2020, (as may be amended or modified from time to time) to serve as the Company's claims, noticing, solicitation, balloting, and/or tabulation agent for the Company in the Bankruptcy Case;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $25,000 previously paid to Stretto on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, Perella Weinberg Partners LP ("Perella") is hereby retained on the terms set forth in its Engagement Letter, effective as of January 24, 2020 (as may be amended or modified from time to time) to serve as the Company's investment banker in the Bankruptcy Case;

### Use of Cash Collateral and Debtor-In-Possession Financing

**RESOLVED**, that the Company, by and through any Authorized Party, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary or proper for the Company to use cash collateral as a debtor-in-possession under chapter 11 of the Bankruptcy Code;

**RESOLVED**, that the Company, by and through any Authorized Party, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary or proper, including executing any necessary loan documents, for the Company to borrow funds on a senior secured basis, subject to certain existing liens, as a debtor-in-possession and to enter into a post-petition secured loan agreement to be funded by Equity Trustees Limited as Trustee of the Tribeca Global Natural Resources Credit Fund and Tribeca Global Natural Resources Credit Master Fund, as debtor-in-possession lenders, in the maximum original principal amount of $7.5 million at an interest rate of 10% *per annum*;

### Other Bankruptcy Authorizations

**RESOLVED**, that the Company and each Authorized Party is authorized and empowered to (a) take or cause to be taken any and all further action(s), (b) engage other professionals, (c) execute and deliver further documents and instruments, and (d) pay fees and expenses, all as such parties deem necessary or appropriate in order to fully carry out the intent and to accomplish the purposes of these resolutions;

**RESOLVED**, that the Company and each Authorized Party shall take all necessary or appropriate actions to cause Hartshorne to commence its own respective bankruptcy cases and to take all necessary or appropriate actions in furtherance thereof and in furtherance of obtaining necessary or appropriate relief in any such bankruptcy case;

**RESOLVED**, that any and all past actions previously taken by the officers and/or directors of the Company in the name or otherwise on behalf of the Company with respect to the commencement of the Bankruptcy Case or otherwise in furtherance of any or all of these resolutions are hereby ratified, confirmed, and approved; and

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction method, and such execution shall be considered valid, binding, and effective for all purposes.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Bruce Czachor

_____
David Gay

*Signature Page to Resolution of the Managers of Hartshorne Holdings, LLC*